IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANNA MICELI FENSKE,              )
                                 )
          Plaintiff,             )   2:09-cv-02656-GEB-KJM
                                 )
     v.                          )
                                 )   ORDER GRANTING PLAINTIFF'S
                                 )   MOTION TO REMAND*
WELLS FARGO BANK, N.A., WELLS    )
FARGO HOME MORTGAGE, INC., and   )
DOES 1-10, inclusive,            )
                                 )
          Defendants.            )
_____)
```

Plaintiff filed a motion to remand this case to the Nevada County Superior Court in California from which it was removed, arguing that the federal court lacks removal subject matter jurisdiction. Defendant Wells Fargo Bank, N.A. ("Defendant") filed a Notice of Removal in which it argues federal question jurisdiction exists under 28 U.S.C. § 1331 since Plaintiff's claims arise under the Federal Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA"). (Not. of Removal at 1:27-2:1.)

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(h).

1

1          Plaintiff alleges in her Complaint five causes of action
2  against Defendants Wells Fargo Bank, N.A. and Wells Fargo Home
3  Mortgage, Inc., all of which concern a foreclosure proceeding
4  involving Plaintiff's residence; only Plaintiff's second and fifth
5  causes of action are asserted as bases for the removal.

## I.   LEGAL STANDARD

"Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint.  Whether the complaint states a claim 'arising under' federal law must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party.  The plaintiff is the 'master' of [her] complaint[.]" Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (citations and quotes omitted).  "Claims brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon construction of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims." Id.

"[A] case arises under . . . [federal law when] a right . . . created by [that law is] an element, and an essential one, of the plaintiff's cause of action." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1044 (9th Cir. 2009) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).  Specifically, a state-law claim presents a federal question when it "necessarily raise[s] a stated federal issue, actually disputed and substantial . . . ." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  "'Arising under' federal jurisdiction only arises, then, when the federal law does more than just shape a court's

2

interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs, 559 F.3d at 1045 (emphasis in original). In addition, "[w]hen a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996); see also Cortes v. Bank of Am., N.A., 2009 WL 4048861, *2 (C.D. Cal. 2009) (remanding case after finding that references to TILA violations in claim for violation of § 17200 do not present claims that "arise under" federal law); California v. H & R Block, Inc., 2006 WL 2669045, *4 (N.D. Cal. 2006) (remanding case after finding that incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law).

## II.  ANALYSIS

Defendant argues Plaintiff's second cause of action provides removal jurisdiction since it alleges federal TILA and RESPA claims. Specifically, Defendant relies on Paragraph 30 of that cause of action in which Plaintiff alleges:

> In making the loan for which defendants claim plaintiff and her husband are liable, defendant Wells Fargo Bank committed numerous violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, of Regulation Z pursuant thereto (12 C.F.R. ch. 226), and of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and failed to observe or follow fiduciary standards applicable to such loans.

(FAC ¶ 30.)  Paragraph 30 is under the heading, "Second Cause of Action – Fraud <u>and</u> Statutory Violations," and TILA and RESPA are the only statutes listed in the paragraph.  (FAC 7:7 (emphasis added).) Defendant argues Plaintiff's use of the word "and" in the heading

"clearly demonstrates" Plaintiff has asserted federal claims under TILA and RESPA. (Def.'s Opp'n 2: 14-21.)

Plaintiff rejoins the "second cause of action is for fraud, in which the federal statutory violations are adduced as additional breaches of the fiduciary standard of care owed by defendant to plaintiff." (Plt.'s Mot. to Remand 4:2-4.) Plaintiff's remaining eight paragraphs in the "second cause of action" are couched in terms of a state fraud claim, and do not mention RESPA or TILA or refer to paragraph 30. (Plt.'s Compl. ¶¶ 27-29, 31-35.) Further, Plaintiff does not seek in her prayer for relief rescission under TILA, statutory damages and attorneys' fees under RESPA, or any other specific relief under either statute. Construing Plaintiff's second cause of action under the well-pleaded complaint rule, "this court cannot say that [Plaintiff's] right to relief necessarily depends upon construction of a substantial question of any federal law." Ultramar Am., 900 F.2d at 1414.

Defendant also argues federal removal jurisdiction exists since Plaintiff's right to relief in her fifth cause action "necessarily depends on the resolution of substantial federal questions" pointing to the following allegations in that cause of action: "The foregoing widespread fraudulent practices on the part of [Defendants] including their multiple and manifold statutory violations aforesaid, constituted unfair and deceptive trade practices within the meaning of California Business and Professions Code section 17200 *et seq*." (Def.'s Opp'n to Mot. to Remand 4:18-19; Plt.'s Compl. ¶ 48.) Defendant contends since "relief under section 17200 is predicated on federal statutory violations" (Opp'n 4:26-27) "remand would be improper" (Opp'n 5:13).

4

1      However, the alleged federal statutory violations are not
2 "necessary element[s] of the [section 17200] claim" since Plaintiff
3 also alleges "alternative and independent theories-one of which is a
4 state-law theory" alleging fraud as a predicate act for Plaintiff's
5 section 17200 claim, and also has other alternatives under section
6 17200 to attempt to prove the portion of her claim that references
7 RESPA and TILA.  <u>Rains</u>, 80 F.3d at 346; Plt.'s Compl. ¶ 48.

> Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. A practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa. Therefore, [Plaintiff] does not have to rely on a violation of the [RESPA or TILA] to bring a [section 17200] claim in California state court. [She] merely has to allege that Defendants' conduct was either unfair or fraudulent.

14 <u>Lippitt v. Raymond James Fin. Serv., Inc.</u>, 340 F.3d 1033, 1043 (9th
15 Cir. 2003) (citing <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832,
16 839 (1994) ("Unfair simply means any practice whose harm to the victim
17 outweighs its benefits. Fraudulent . . . requires a showing that
18 members of the public are likely to be deceived."); and <u>Day v. AT&T
19 Corp.</u>, 63 Cal. App. 4th 325 (1998) (section 17200 prohibits businesses
20 "from engaging in . . . practices which are potentially misleading to
21 the public.")) (internal citations, quotations, and parentheticals are
22 omitted). Thus, in light of the alternative ways Plaintiff has to
23 attempt to prove her section 17200 claim, "[t]here is no 'basic' or
24 'pivotal' federal question that impinges on [her] right to relief."
25 <u>Lippitt</u>, 340 F.3d at 1046. Therefore, Plaintiff's claims do not
26 "arise under" federal law, and Plaintiff's motion to remand is
27 GRANTED.
28      Finally, Plaintiff requests attorneys' fees under 28 U.S.C.

1 | § 1447(c) since removal was improper.  "[T]he standard for awarding
2 | fees should turn on the reasonableness of the removal.  Absent unusual
3 | circumstances, courts may award attorneys fees under § 1447(c) only
4 | where the removing party lacked an objectively reasonable basis for
5 | seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141
6 | (2005).  Here, although Defendant's arguments ultimately lack merit,
7 | they are not objectively unreasonable.  Accordingly, Plaintiff's
8 | request for attorneys' fees is DENIED.

For the stated reasons, this case is remanded to the Nevada County Superior Court in California

Dated:  January 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge